UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| TRACI J. KREPS, as Personal Representative for the Estate of Mark L. Kreps; and MARK L. KREPS,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPENDABLE SANITATION, INC., and CRAIG O. WEST,<br><br>　　　　Defendants. | 4:21-CV-04108-KES<br><br>ORDER DENYING MOTION TO RECONSIDER |
| ROCHELLE A. CONNELLY, as personal representative for the Estate of Steven L. Connelly; and ESTATE OF STEVEN L. CONNELLY,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>DEPENDABLE SANITATION, INC., and CRAIG O. WEST,<br><br>　　　　Defendants. | 4:21-CV-04118-KES<br><br>ORDER DENYING MOTION TO RECONSIDER |

Defendants, Dependable Sanitation, Inc. and Craig O. West (Dependable), move under Federal Rules of Civil Procedure 59 and 60 to reconsider the court's order of October 8, 2021, denying Dependable's motions to consolidate the above-captioned cases. CV 21-4108 Docket 19; CV 21-4118 Docket 19. Plaintiff, Traci Kreps, does not oppose reconsideration and consolidation so long as the *Connelly* case is consolidated into the *Kreps* case.

CV 21-4108 Docket 21. Plaintiff, Rochelle Connelly, opposes Dependable's motion to reconsider and consolidate. CV 21-4118 Docket 21.

The federal rules do not provide for a motion for reconsideration. *Needham v. White Lab'y, Inc.*, 454 U.S. 927, 930 n.1 (1981) (Rehnquist, J., dissenting). A party moving for reconsideration "leave[s] the characterization of the motion to the court's somewhat unenlightened guess . . . ." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Courts will scan the federal rules to recast the relief sought to conform to the rules. *Id.* Typically, courts characterize a motion to reconsider as a motion made under Rule 59(e) or 60(b). *Spinar v. S.D. Bd. of Regents*, 796 F.2d 1060, 1062 (8th Cir. 1986).

Because Dependable's motion is directed to an order of the court but not a judgement, the court construes this as a Rule 60(b) motion. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a[n] . . . order" based on at least one of six enumerated reasons. Dependable did not identify a specific reason enumerated under the Rule. The court construes the motion under Rule 60(b)(6)'s catch-all provision: "any other reason that justifies relief." In any event, whether under the catch-all provision or another reason enumerated in the Rule, "[a] district court should grant a Rule 60(b) motion 'only upon an adequate showing of exceptional circumstances.' " *Richards v. Aramark Servs., Inc.*, 108 F.3d 925, 927 (8th Cir. 1997) (quoting *United States v. Tracts 10 & 11 of Lakeview Heights*, 51 F.3d 117, 120 (8th Cir. 1995)). The court has "wide

discretion" in ruling on a Rule 60(b) motion. *Jones v. Swanson*, 512 F.3d 1045, 1048 (8th Cir. 2008).

Here, the court reviewed its order of October 8, 2021, as well as the additional briefing on the issue of consolidation that accompanied the pending motions to reconsider. The court "find[s] no application of an erroneous view of the law or erroneous assessment of evidence by the district court," and Dependable has not identified exceptional circumstances justifying reconsideration. *Richards*, 108 F.3d at 927. Thus, the court declines to reconsider the motions to consolidate both on the merits and on procedural grounds, *see Symens v. Smithkline Beecham Corp.*, 19 F. Supp. 2d 1062, 1069-70 (D.S.D. 1997) (*rev'd in part on other grounds*, 152 F.3d 1050 (8th Cir. 1998)), and it is

ORDERED that Dependable's motions to reconsider (CV 21-4018 Docket 19; CV 21-4118 Docket 19) are denied.

Dated December 6, 2021.

> BY THE COURT:
>
> /s/ *Karen E. Schreier*
> KAREN E. SCHREIER
> UNITED STATES DISTRICT JUDGE